UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22225-CIV-SEITZ/MCALILEY

OSCAR PEREZ, et al.,

        Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS
## DEFENDANT CAREY SOUTH FLORIDA'S AMENDED COUNTERCLAIM

THIS CAUSE is before the Court on the Motion to Dismiss the Amended Counterclaim of Defendant Carey South Florida against Plaintiffs Juan Alba, John Humphreys, Wilhelm Pereira, Ed Mazzeo, Oscar Perez, and Francisco Rengifo (the "Individual Plaintiffs") [DE 38]. Plaintiffs seek damages for retaliation under the Fair Labor Standards Act ("FLSA"). The Amended Counterclaim seeks a declaratory judgment voiding the Independent Operator Agreement ("IO Agreement") that the remaining Individual Plaintiff, Ed Mazzeo,[1] entered into with Carey South Florida. The thrust of Carey South Florida's claim is that the IO Agreement's fundamental purpose was to create an independent contractor relationship; however, when Mr. Mazzeo asserted his rights as an employee for FLSA overtime purposes, he disavowed this purpose, and thereby nullified all of its terms. Therefore, Carey South seeks to avoid further

---

[1] In the original Complaint, 11 Plaintiffs sued Carey Limousine Florida, Inc. ("Carey Limousine Florida") and Carey International, Inc. ("Carey International"). However, only Carey South Florida filed the Amended Counterclaim and it named only six of the Plaintiffs, i.e., the Individual Plaintiffs. All the Individual Plaintiffs, with the exception of Ed Mazzeo, have settled their claims. Therefore, the instant motion is only applicable to Mr. Mazzeo and shall be construed as such.

retaliation claims for failing to adhere to the IO Agreement's provisions.

Plaintiff Mazzeo argues that Carey South Florida's Amended Counterclaim should be dismissed for lack of subject matter jurisdiction. Upon review of the motion, the response and the reply thereto, and all pertinent portions of the record, the Motion to Dismiss is denied because the Amended Counterclaim demonstrates a potential coercive action arising under federal law.

**I.     Background**

Mr. Mazzeo is a limousine driver who works for Carey South Florida providing transportation services pursuant to the IO Agreement.[2] The 11 original Plaintiffs filed this action alleging retaliation in violation of 29 U.S.C. § 215(a)(3) of the FLSA. Specifically, they alleged that after they opted into a lawsuit against Defendants for unpaid overtime wages, (*Powell, et al. v. Carey International, et al.,* case no. 05-21395-Civ-Seitz),[3] Carey South Florida retaliated when it stopped assigning them as much work as they had received previously.

In its Amended Counterclaim, (DE 34), Carey South Florida seeks a declaratory judgment under 28 U.S.C. § 2201 that in the event that Mr. Mazzeo is determined to be an employee entitled to protections under the FLSA, his I/O Agreement is void in its entirety, that Carey South Florida is not bound by it, and that he is an "at will" employee. With this background, we turn to the legal standard governing this Motion to Dismiss.

**II.    Legal Standard**

---

[2] The IO Agreement purports to govern Mr. Mazzeo's relationship with Carey South Florida, such as: (1) his obligations concerning the operation of the business; (2) his responsibility to provide an adequate vehicle; (3) the vehicle insurance requirements; (4) compensation provisions; (5) items relating to distribution of work; (6) the term of the IO Agreement; and (7) termination provisions. (Amended Counterclaim, Exhs. A-F.)

[3] The Individual Plaintiffs accepted offers of judgment in the *Powell* action and the Court entered final judgment May 11, 2007.

A plaintiff may move to dismiss a counterclaim if it fails to allege facts sufficient to invoke the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking jurisdiction bears the burden of producing the necessary facts to establish subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

### III. Analysis

In his Motion to Dismiss, Mr. Mazzeo makes two relevant arguments. First, that Carey South Florida's Amended Counterclaim is not a compulsory counterclaim under Fed. R. Civ. P. 13(a). Second, because Carey South Florida's Amended Counterclaim is permissive, it must be dismissed because it lacks an independent basis of subject matter jurisdiction.[4] Because it is dispositive of the Motion to Dismiss, the Court shall focus on the permissive counterclaim theory.

A declaratory judgment action under 28 U.S.C. § 2201 that anticipates a coercive action arising under federal law gives rise to federal jurisdiction.[5] *Community State Bank v. Strong,* 485

---

[4] Mr. Mazzeo also seeks dismissal arguing that Carey South Florida may not counterclaim based on his IO Agreement because it appears to have been executed by a representative from Carey/Club Limousine, Inc. and not Carey South Florida. Given the litigation history between the parties, it would be disingenuous to dispute that Carey South Florida is the successor corporation to Carey-Club Limousine. The same individual, Robert Sobol, who signed Mr. Mazzeo's IO Agreement, also signed the IO Agreements of other Carey South Florida limousine drivers. (Amended Counterclaim, Exhs. C, E.) However, if there is a genuine dispute as to whether Mr. Mazzeo did have an agreement with Carey South Florida, whether through assignment or adoption of the agreement with Carey/Club Limousine, Inc., the Court cannot not resolve this issue without looking at facts outside of the pleadings. Accordingly, Mr. Mazzeo's motion to dismiss on these grounds must also be denied.

[5] 28 U.S.C. § 2201 states in relevant part:

In a case of actual controversy within its jurisdiction, [] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

F.3d 597, 607 (11th Cir. 2007) (holding that the district court had jurisdiction because the petitioners had sufficiently alleged facts which demonstrated that the defendant could file a coercive action against them arising under the federal Racketeer Influenced and Corrupt Organizations ("RICO) Act given that the defendant already alleged the petitioners violated the Georgia RICO Act); *see also Household Bank v. The JFS Group*, 320 F.3d 1249, 1251 (11th Cir. 2003). In *Household Bank*, various plaintiff classes sued the defendants under the Truth in Lending Act in the Northern District of Illinois relating to various loan agreements. The Alabama class members, however, opted out of this action. The defendants then sought a declaratory judgment pursuant to 28 U.S.C. § 2201 against five groups of potential plaintiffs from Alabama ("Alabama Plaintiffs") and prayed for declaration that the arbitration provisions in the loan agreements were enforceable. The Alabama Plaintiffs moved to dismiss the declaratory judgment action for lack of subject matter jurisdiction. The Eleventh Circuit held that federal question jurisdiction exists in a declaratory judgment action if plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law. Consequently, because the Alabama Plaintiffs could file a Truth in Lending Act action, as the other plaintiff classes had done, the appellate court held that there was an independent basis for subject matter jurisdiction. *Id*.

      Here, Carey South Florida has pleaded that without a ruling declaring Mazzeo's IO Agreement to be null and void, it will be subject to his claims that any failure to adhere to any provision of the IO Agreement is an act of retaliation against him in violation of the FLSA. Specifically, the Amended Counterclaim states that Carey South Florida fears that it would "risk being charged with retaliating against [Mr. Mazzeo" if it were to exercise its right under the IO

Agreement. (Amended Counterclaim ¶ 28.) Such assertion is bolstered by the fact that the instant action already alleges retaliation under the FLSA pursuant to the IO Agreement. Therefore, the well-pleaded facts in Carey South Florida's Amended Counterclaim demonstrate that Mr. Mazzeo could file a coercive action for further retaliation in violation of the FLSA. Thus, Carey South Florida's Amended Counterclaim presents a federal claim providing an independent basis for subject matter jurisdiction.

IV.   **CONCLUSION**

For the reasons stated above, it is hereby

ORDERED that

(1)   The Motion to Dismiss Defendant Carey South Florida's Amended Counterclaim as to all Plaintiffs other than Ed Mazzeo [DE 38] is DENIED AS MOOT.

(2)   The Motion to Dismiss Defendant Carey South Florida's Amended Counterclaim as to Plaintiff Ed Mazzeo [DE 38] is DENIED.

DONE and ORDERED at Miami, Florida this 13th day of September, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record